IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MATTHEW DAVIS and DANIELLE J. )
DAVIS, )
 )
    Plaintiffs, )
 )
v. ) CASE NO. CV412-219
 )
KAWASAKI MOTORS CORPORATION )
U.S.A., )
 )
    Defendant. )
 )

## O R D E R

Before the Court are Defendant's Motion to Strike Expert Report and for Summary Judgment (Doc. 16) and Plaintiffs' Motion to Dismiss (Doc. 38). For the following reasons, Defendant's Motion to Strike and for Summary Judgment is **GRANTED** and Plaintiffs' complaint is **DISMISSED**. As a result, Plaintiffs' Motion to Dismiss is **DISMISSED AS MOOT**. Accordingly, the Clerk of Court is **DIRECTED** to close this case.

### BACKGROUND

This is a products liability case stemming from an accident Plaintiff Matthew Davis suffered while operating a Kawasaki motorcycle. According to Plaintiffs, Mr. Davis was merging from Interstate 516 to Interstate 16 when his

motorcycle suddenly stalled and failed to accelerate. (Doc. 1, Ex. A ¶ 5.) As a result, Mr. Davis was forced onto the off-ramp returning to Interstate 516, where he was injured after colliding with a disabled vehicle located in the emergency lane. (Id.) Based on these events, Plaintiffs filed a complaint in the State Court of Chatham County, which Defendant subsequently removed to this Court. (Doc. 1.) In the complaint, Plaintiffs have brought a strict liability claim for defective design and manufacturing (id. Ex. A ¶ 8); and a negligence claim based on negligent design, testing, manufacturing, sale, distribution and failure to warn (id. ¶ 10). Specifically, Plaintiffs' contend that the voltage regulator on the motorcycle was defective, causing the motorcycle to lose power, stall, and fail to accelerate. (Doc. 32 at 8.)

During discovery, Plaintiffs retained the services of Mr. Gary Kilpatrick as their expert. The Court's scheduling order in this case gave Plaintiffs until December 17, 2012 to serve their expert witness report. (Doc. 9.) The parties subsequently agreed to extend that date until January 2, 2013. (Doc. 16 at 1-2.) On that

date, Defendant received Plaintiffs' "Preliminary Expert Report of Gary E. Kilpatrick, P.E." (Id. Ex. A.) In this report, Mr. Kilpatrick failed to identify any defect in the voltage regulator. Rather, the report stated that Mr. Kilpatrick's work had not been completed and was on-going, reserving "the right to change [his] opinion if new or further information is presented." (Id. at 2.) After outlining the parameters and results of his test, Mr. Kilpatrick then concluded that the test was inadequate and suggested a second test, with different parameters, to determine if the regulator was defective. (Id. at 2-5.)

As a result of Mr. Kilpatrick's report, Defendant filed a combined Motion to Strike and Motion for Summary Judgment. (Doc. 16.) In the motion, Defendant argues that Mr. Kilpatrick's report is inadequate under Federal Rule of Civil Procedure 26 because it is preliminary in nature, fails to find any defect in the voltage regulator, and proposes additional testing beyond the deadline for filing expert witness reports. (Id. at 3-4.) Defendant complains that the report contains no explanation either why Plaintiffs failed to conduct the tests they now propose

prior to the expert witness deadline, or why Plaintiffs failed to seek this Court's permission to extend the deadline. (Id. at 5.) Finally, Defendant contends that summary judgment is now appropriate because Plaintiffs have failed to offer any evidence that the motorcycle was defective. (Id. at 6-9.)

In their response, Plaintiffs reason that while Rule 26 does permit exclusion of preliminary or untimely expert reports, the Court should use its discretion to permit additional testing. (Doc. 32 at 3-6.) In support of this argument, Plaintiffs contend that their failure to provide a complete report was due to the testing being conducted outside of the recommendations contained in the 2011 Kawasaki manual. (Id. at 5-6.) In addition, Plaintiffs maintain that they can easily conduct the additional testing and quickly provide Defendant with the results, thus eliminating any unfair surprise or prejudice to Defendant. (Id. at 6-7.) Plaintiffs offer no real discussion with respect to Defendant's request for summary judgment, instead relying on this Court denying Defendant's Motion to Strike.

4

A few days after filing their response, Plaintiffs filed a Motion to Dismiss. (Doc. 38.) In this motion, Plaintiffs contend that the motorcycle was manufactured by Kawasaki Heavy Industries, not Defendant. (Id. ¶ 5.) Based on this information, Plaintiff filed suit in the State Court of Chatham County naming both Kawasaki Heavy Industries and the Georgia Department of Transportation as defendants, and sought dismissal of this case without prejudice. (Id.)

Defendant opposed this request, arguing that Plaintiffs were attempting to simply restart this litigation and avoid the pending Motion for Summary Judgment. (Doc. 43 at 1-2.) Restarting the litigation in State Court, Defendant contends, would strip Defendant of a valid defense—the untimeliness of the expert report—and result in actual legal prejudice. (Id. at 2-3.) In addition, Defendant complains that they have already invested considerable resources in this case, which will go unrecovered should it be dismissed.

**ANALYSIS**

I.  <u>DEFENDANT'S MOTION TO STRIKE</u>

Discovery related to expert witnesses is governed by Federal Rule of Civil Procedure 26. Pursuant to Rule 26, "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). In addition, the disclosure "must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Id. 26(a)(2)(B). This expert witness report must include

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Id. 26(a)(2)(b)(i)-(vi).

The Eleventh Circuit has made clear that the " '[d]isclosure of expert testimony' within the meaning of the federal rule contemplates not only the identification of the expert, but also the provision of a written expert report containing 'a complete statement of all opinions' and 'the basis and reasons therefore.' " Reese v. Herbert, 527 F.3d 1253, 1265 (11th Cir. 2008) (citing Fed. R. Civ. P. 26(a)(2)(B)). The committee notes with respect to this requirement make clear that its intended purpose is to avoid the then common practice of providing "sketchy and vague" information concerning expert witnesses that was often "of little help in preparing for a deposition of the witness." Fed. R. Civ. P. 26(a)(2) advisory committee notes to the 1993 amendments. A preliminary report, therefore, is precisely what Rule 26 was designed to combat and surely fails to meet the requirements imposed by that rule.

Failure to comply with Rule 26 precludes a party from "us[ing] that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). While Rule 37 envisions several possible forms of sanctions, the threat that the expert testimony may be excluded provides the incentive for parties to provide

7

complete disclosure in accordance with Rule 26.  While Rule 26(e) does permit supplementation of expert disclosures, that provision does not operate to justify the expert's earlier inadequate or incomplete preparation.  See Akeva L.L.C. v. Mizuno Corp., 212 F.R.D. 306, 310 (M.D.N.C. 2002).

In this case, it is difficult for this Court to conclude that it should not ignore Mr. Kilpatrick's expert witness report when assessing the merits of Defendant's Motion for Summary Judgment.  The Court provided Plaintiffs with ample opportunity—almost four months—to complete their expert witness report, with Defendant unilaterally granting them an additional fifteen days.  Presumably, Plaintiffs and Mr. Kilpatrick used this time to develop testing methods and protocols that would serve to prove their allegations that the voltage regulator was defective.  It was only after the testing was conducted, results analyzed, and Mr. Kilpatrick unable to establish that the voltage regulator was defective that Plaintiffs sought to conduct a second test with different protocols.  This sequence of events, coupled with Plaintiffs' attempt to restart this litigation in State Court, leaves the distinct impression of dissatisfaction with the results of Mr. Kilpatrick's testing.

Moreover, Plaintiffs did not seek from this Court any extension with respect to the deadline to submit expert reports. Rather, Plaintiffs simply notified Defendant that they intended to perform a second round of testing with protocols designed by a previously unnamed expert. However, Rule 26 is not designed to permit continuous testing by a party should it be dissatisfied with its prior results. Plaintiffs had ample time to develop and conduct their tests, failing to seek additional time to conduct further testing. Based on these circumstances, the Court feels it appropriate to grant Defendant's Motion to Strike and, as a result, will ignore[1] Mr. Kilpatrick's expert report when assessing Defendant's Motion for Summary Judgment.

Plaintiff asks this Court to exercise its discretion to deny Defendant's request to exclude Mr. Kilpatrick's report pursuant to Rule 37(c)(1). In this regard, they

---

[1] Defendant has styled its motion as one seeking to strike Mr. Kilpatrick's expert report. However, that report contains no discernible opinion in Plaintiffs' favor, only that additional testing using different protocols may result in data to support Plaintiffs' claims. In the final analysis, therefore, it does not matter whether the Court relies on Mr. Kilpatrick's report when assessing the merits of Plaintiffs' claim because, even with the report, Plaintiffs have failed to place any evidence in the record to support their allegations. In any event, Defendant has sought to strike the report as violative of Rule 26 and the Court will assess that argument.

9

contend that the Court should assess "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." (Doc. 32 at 4 (citing Abdulla v. Klosinski, 898 F. Supp. 2d 1348, 1359 (S.D. Ga. 2012).) These factors, however, are used to assess the propriety of sanctions for failing to timely disclose an expert report. However, Plaintiffs have yet to file a valid expert report that supports their theory of relief. Therefore, this Court is simply striking Mr. Kilpatrick's report as incomplete, not assessing whether an untimely disclosed expert report should be excluded. Therefore, the Court need not assess these factors.

II. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant argues that without any expert testimony indicating that the motorcycle was defective, Plaintiffs' have not established an issue of material fact that would preclude summary judgment in Defendant's favor. (Doc. 16 at 6-9.) Plaintiffs offer little argument in response to this request, stating only that "a huge issue of material fact exists as Plaintiffs have been unable to test the

subject voltage regulator in the manner they now believe is required." (Doc. 32 at 8.) This, of course, ignores the fact that Plaintiffs were provided ample time to test the voltage regulator and, based on the results of that test, their own expert was unable to find that item defective. Therefore, Plaintiffs have offered neither any valid expert testimony concluding that the voltage regulator was defective, nor any specific argument in opposition to Defendant's request for summary judgment. Accordingly, the Court has little choice but to grant Defendant's Motion for Summary Judgment.

However, the Court notes that it takes no position how this ruling affects Plaintiffs' complaint filed against Defendants Kawasaki Heavy Industries and Georgia Department of Transportation. To this Court's knowledge, that case currently remains pending in the State Court of Chatham County. The preclusive effect, if any, of this Court's ruling on Plaintiffs' claims in that case should be determined by that forum.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike Expert Report and for Summary Judgment (Doc. 16) is **GRANTED** and Plaintiffs' complaint is **DISMISSED**. As a

result, Plaintiffs' Motion to Dismiss is **DISMISSED AS MOOT**. Accordingly, the Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 25th day of September 2013.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA